Our final case this morning is number 2012-1663 and 1664 in Ray Gerald Benson. I didn't make that announcement. The council understands we are having a single argument for the two cases which were briefed I'm here representing the applicants Benson and Smith in today's appeal. The ultimate issue on appeal today is whether the surface coatings of Nielsen anticipate the machine substrate pieces embedded in a replicated substrate as recited in the present claim. The board's finding of anticipation hinges solely on its erroneous claim construction. Let me say, and I'm just speaking for myself, I understand your frustrations about the claim construction. And I think that you have a point about the embedded means, at least to some extent, surround it. But I wonder whether the claim construction was really harmful error. And if you look, for example, at the figures facing page 30 of the red brief, and I understand that figure 2 is Nielsen and figure 9 is from the patent application we're dealing with here. Why, for example, doesn't, let's take first the left-hand version of 30A, show a surround situation? Thank you, first of all, for the appreciation of my frustration. And I'm going to split up your questions into two. And the first was sort of, does this matter? Is there a practical impact? And to that question, I assert that there is. I mean, there's certainly a practical impact on this case, but there's also a practical impact on, for example— But address my question. The second question first? We have this figure from Nielsen, and we have the figure from the present patent. And it just seems to me that in terms of the surrounding aspect of it, there really isn't any difference, which is what I understand the board to itself have concluded. But am I wrong? How am I wrong about that? So what the claim language requires— Let's not talk about the claim language. Let's talk about the representation here. I mean, is there any real difference between the left-hand version of 30A and what's reflected in the specification for this patent? And we assert that, yes, there is a difference. What's the difference? The difference is that the coating that is shown in the left-hand portion of 30A is only ever on top of that replicated substrate of Fig2 of Nielsen. Now, that replicated substrate has undulations. It has a structure to it. But that coating is only ever described as on top of those. It's shown as being surrounded, isn't it, as you use the word surrounded? Well, I mean, it's on top of the structured surface. So, for example, if you're standing on the side of a hill, you're only ever on top of the hill. You're not embedded in the hill. And that is exactly what's shown in Fig2 of Nielsen. I'm not understanding what you're saying. I mean, the peaks that are on the side surround it in the same sense that 58, for example, in Fig9 is surrounded by the material around it, too. So the surface coating of Nielsen is only ever on top of the structured surface. I don't understand what you're saying. I mean, yes, it's on top of the surface, but it's also surrounded by the substrate, right? But it is never in that surface. What does that mean, in that surface? So, assuming that the correct construction of Embedded is provided fixed firmly in a surrounding mass, it has to be in... But I thought you disclaimed fixed firmly by the surrounding mass. You say that's not part of what you want in the claim construction. I argue the correct claim construction should be the dictionary definition, which is fixed firmly in a surrounding mass. I didn't understand that was your argument. I thought you were saying it doesn't have to be fixed by the surrounding mass, but it does have to be surrounded by it. No, my argument is it has to be fixed firmly in a surrounding mass. Could you show me where you make that argument? Maybe I'm mistaken in understanding what you're arguing. Okay. So, in the blue brief, at page... See, I mean, you say, for example, at page 14 of the blue brief, you say the board's articulation of the plain and ordinary meaning adds a requirement not present in the dictionary definition that the object Embedded be held in place by the surrounding mass. And you're saying that's not part of the dictionary definition. That's not what we're arguing for. You say this requirement is not part of the dictionary definition, nor is it a commonly understood component of the definition. You seem to be saying, no, it doesn't have to be fixed by the surrounding mass. So, and the key point there is that the dictionary definition says fixed firmly in a surrounding mass. What the board construed that to mean is fixed by the surrounding mass. And what we dispute is the word by. And what we advocate as a correct construction is the dictionary definition fixed firmly in a surrounding mass. So the difference in this case is the difference between by and in? Or the difference between in and on, which is the fig two of Nielsen that you just stated. Even if this court decided that the correct construction of Embedded was fixed firmly by a surrounding mass, we also argue in our brief that the present specification supports such an interpretation. So what the board did was they said the dictionary definition is fixed firmly in a surrounding mass. We agreed that to mean fixed firmly by a surrounding mass. And then they said, because our specification does not support fixed firmly by a surrounding mass, the board took it on themselves to come up with a new definition of the term embedded in. Well, let's suppose we rejected the argument that you just made that there's a difference between by and in. Let's assume that all that requires is that it be placed there. It doesn't have to be attached. And it's surrounded by the surrounding mass. Do you agree if we rule that way that Nielsen does anticipate? No. No. Why not? We argue that Nielsen does not anticipate because Nielsen's surface coatings are merely on the surface. They are never embedded in the cube corner elements in the way that our machined substrate pieces are embedded in the cube corner elements that are formed through that embedding. I don't understand what you're saying. I was asking you to assume that the claim only requires that it be surrounded and not that it be attached. So why doesn't Nielsen show that? Nielsen shows coatings that are on a surface. Let's say on a surface surrounded by the substrate, right? Let's assume that that's what Nielsen requires. Then does Nielsen anticipate under that claim construction? We argue that it does not. Why not? Because the coatings on Nielsen are never more than on that surface. No, but I'm saying the claim construction only requires on, but it requires that it be on the substrate and that the substrate surround it. Then does Nielsen anticipate under that claim construction? We still argue that it does not. That said, there are two issues on appeal today, and the first is the claim construction. My first objective here, going back to your first question, is to get the right claim construction. That has practical impact, not only in this case, but on divisionals that have issued or other cases in these chain of families that use this term embedded in. The only finding on the record from the board is that Nielsen anticipates based on this claim construction. I would ask that if we agree that the claim construction is improper, that the case at least be remanded for further consideration of whether Nielsen anticipates using a correct claim construction, which we argue is fixed firmly in the surrounding math or the dictionary definition. And not what is surrounded by. We feel that the exact dictionary definition is the correct one. I don't think fixed firmly by a surrounding math is the exact same as the dictionary definition. However, even if this board said fixed firmly by a surrounding math, we believe that our specifications support that. The problem with that, as Judge Dyk has been pointing out, is that that rubs you against Nielsen, because it looks like at least aspects of Nielsen in 30A and in 30B, there's a surrounded by. And the board, in fact, in what's kind of an odd opinion, because one gives you a claim construction and two seems to apply a surrounded by claim construction, finds it surrounded by. So if this board construed the term embedded in to mean fixed firmly by a surrounding math, I would assert that Nielsen does not describe that because the surface codings of Nielsen are only described as being bonded to that structured surface, in addition to the arguments I previously made. Does that better answer your question? Well, it does, but I'm not sure it's consistent with the brief. Doesn't that back you up into a core since your specification makes various references to embedded in and bonded to and uses those two terms interchangeably? I do not believe that the specification uses those terms interchangeably at all. And I believe that if you look at the places in the specification where those terms are used, the evidence actually says that they're not used interchangeably. For example, they're used separately without any reference to one another. They also are modifying different nouns. So for example, at A1449, the surface is bonded, whereas the protrusion is embedded. Also, I would assert that their ordinary meaning differs. They both, as my opposing counsel argues, relate to relational aspects. However, they relate to different relational aspects. Bonded describes a structural relationship between the two surfaces, like I said, but embedded describes a locational relationship. Let me read you another part of your brief here, which is on page 29. And you're talking about the dictionary definitions. You say, none of these suggest or require that the surrounding mass hold the embedded portion in place. They merely require that the embedded portion be held at least partially within or surrounded by another material, which seems to say, well, if they're surrounded by other material, then they meet the dictionary definition. What that sentence is saying is that it is not the structure that surrounds them that has to hold the embedded piece in place. That is not required by the dictionary definition. All that is required by the dictionary definition is that the embedded piece be surrounded by and fixed firmly. It doesn't state what should fix the embedded piece in. That's what that sentence is saying. Back to figure two of Nielsen, why is 30A on the left, at least, does that not satisfy that definition? It's surrounded by another material, right? At least partially surrounded by another material. Is the distinction now firmly held in place? Is that what we're relying on for the distinction? No, the distinction is what the material is that the claims recite that surrounds. Okay, so they're surrounded by 26 in the figure, right? In figure two of Nielsen. I mean, it's surrounded by the prisms, which are 26. Okay, as opposed to? If you look at the figure right underneath it, figure nine, what the embedded pieces in our case are surrounded by is the replicated substrate, and the embedded pieces cooperate with that replicated substrate to form cube corner elements. All right. Thank you, Ms. Nowak. Thank you. We'll give you two minutes for rebuttal. Ms. Kelly? Good morning, Your Honors. May it please the Court. I think the Court has correctly honed in on the real issue in this case. Well, but let's talk first about what happened here. I mean, I've got to say, just personally, I find the solicitor's conduct here to be baffling. I don't think, reading it, that there was necessarily any error in the first time around, and the claim construction was originally that it required it to be surrounded by something. That seems to be a correct claim construction. Now, whether that leads to anticipation or lack of anticipation by Nielsen is another question, but I just, I really can't understand what the PTL was doing here. Can you help me understand that? I'll do my best. When reviewing the question and the original briefing, the reading that we had in the solicitor's office was, we believe the Board to be saying, in that sentence where the not was added, the last portion of that sentence, the surrounded to any extent, that the Board was trying to articulate that the claims don't require a surrounding to any particular degree or extent. So what we did in that case was we went to the judges in that case and said, is there a word missing, what are you thinking here, what was going on? And the judges, yes, because these two cases are related, we must have forgotten, because this is what we mean. And they're, as you're aware, a very busy body. And so we felt in fairness to opposing counsel that we get everyone on the same page about what we were, you know, what the Board had meant in that instance. And so we – If that's the case, though, then this is an amazingly schizophrenic opinion, because if they mean in Part 1 not surrounded, then why in Part 2 do they continuously point out that it's surrounded, as if that's the telltale difference? I then apologize that I wasn't making clear here. They meant not surrounded to any particular degree, so that the claims don't require that it be completely surrounded, surrounded just a little bit, surrounded partially, because when you look at the difference between Nilsen and what, you know, their embodiment shown here in Figure 9, there appears to be some sort of issue about how much is the replicated substrate surrounding the pieces of the machine substrate. And I would assert, in the first place, that portion of the sentence is the Board saying what's not part of the claims. What's not part of the claims is the extent to which it surrounds. Well, that's not what was said in the correctional. It's incomprehensible. I agree that it is problematic. If you look at the rest of the Board's decision, they recognize that we have something surrounded. It's just an issue of degree. So they do define embedded. They do construe the claim embedded to be surrounded. To some extent, but the claims don't require a particular extent. And that was a portion of the argument facing them below, which was, oh, Nilsen doesn't really surround, it's just sort of coated on. And what they're trying to express is, well, you do have surrounding. It's surrounded by the microprisms. And I think your questioning to opposing counsel really honed in what the real argument to overcome anticipation here is, not by her example when she said, you're standing on the hillside. What they're really arguing, if you look at their brief at page 34, I think, I will let her, you know, she'll speak for herself, but I think what they're really trying to say is, we're arguing that the machined piece of 58, or in Nilsen's case, the Mt. Talbot deposits, 30A and 30B, need to be not just in the entire replicated surface, but they need to be in the cube corner pyramids. I think that's what the real argument is. Unfortunately, their claims don't require that. I don't understand. I think the argument that she just made at the end, which I understood the distinction, or at least among the distinctions between Nilsen and the current application, is that 26, which is, if they're embedded, 30A is embedded in any way, shape, or form, it's within the, in the prism, or by the prism. Right. And that in figure 9 of the application, the 58 is embedded in the replicated substrate. And that that's an important distinction. That's what I heard her say. Did you not hear her say that? I did hear her say that. And then, as we discussed in our brief, and as the board and the examiner recognized, microprism 26, that entire structure 26, is the replicated substrate of Nilsen. And here, the replicated substrate here is 70. Where did they say that? Is that in the board opinion, did you say? Microprism 20, we write about it here, the microprism recess is 24, microprism 26. Can you read it from the board opinion? Can you get to the board opinion here? It might be in the examiner's answer if I'm... Oh, I do see it. It says the compound substrate comprising microprism formation 26. Right. Which are a replicated substrate having a structured surface. Yes. It's in the board's decision at AA and A9. So, does the distinction here in terms of claim construction all come down to whether it's surrounded entirely or surrounded in part? Is that what you think it comes down to? As briefing, I don't think that was... So, you're saying that embedded, everyone agrees that embedded means surrounded to a certain extent. So, the distinction in your view between what the board is saying and what your friend is saying is they mean surrounded entirely and you only mean surrounded in part? What the board said was embedded implies that you have a surrounding and the static friction is withholding the thing in place. That's normally what embedded means. And then you have this concept of something being attached to, which is a larger concept where in a Venn diagram embedded would be within this larger concept of attached to. And what they've said is the way that you've used the word embedded in your specification, you're allowing for things that are just attached to and not held in place by static friction. And that's the way the argument was going before the board as opposed to how it's now evolved. So, is that the distinction that comes down to anticipation that on Figure 2 of Nielsen, it is attached to, but it's not held in place? Again, we're talking about arguments that were made before the board and how things have evolved here. And that's an argument that they're trying to make, that you're standing on the hillside, you're not in the hillside. Does Nielsen show that 30A is bonded to the substrate? Nielsen, I think it's both bonded and embedded. But it doesn't show that it's bonded. Yes, it shows that it's bonded. Figure 2 shows that it's bonded, and I think it also shows that it is embedded. Embedded is narrower than bonded. Nielsen doesn't use the term embedded, does it? No. It used the term attached. Correct. And this court has recognized that embedded is a narrower subset of attached. So you would say that the claim requires that it be attached and that it be surrounded at least in part by the substrate. That would be your definition? Yes, and I believe that's the board's definition. And I think that's the point, that even if we buy into the definition that they propose in their brief, Nielsen meets that definition. Nielsen is not only attached to, but Nielsen is also embedded. When you look at Figure 2 and Figure 9, the replicated substrate essentially looks like a Toblerone bar. Well, let me ask you, Figure 2 of Nielsen, I can see the second 30A sort of in the middle has sort of what you call embedded, right? Right. But what about to the far left of the diagram, 30A, where it's just on top? What is it surrounded by there? What is 30A surrounded by on the far left? The 30A on the far left is not embedded. It is not. It is merely attached to the surface there. And I don't think even the board met that those deposits would meet this claim limitation. Or maybe they did think that, but even if they were wrong, we see here 30A. In the middle of 30B. Well, it says 30, the metallic deposits 30A through B, which are machine substrate pieces that are embedded in portions of the microprism 26. They didn't seem to make a distinction between any of those, right? Yes. Is 30B embedded? 30B is embedded. It fully falls within the three-dimensional structure, which would be... Not because in Figure 9, 58 on the right-hand side is only partially surrounded rather than completely surrounded? It, like 30B, is technically surrounded on all sides, but it's not held in place. No, no, no. Forget the held in place. Okay. The 58 shows the embedded piece extending above the substrate. In other words, it's not completely surrounded. Yes, that is true, and that's one of the things... That's why you say 30B anticipates. Yes. Because it's surrounded 30... Partially. What we're trying to say there is, what we said in our brief is, look, there's no requirement in their claim that the object that is embedded fill the cavity. In the case of Nilsen, the microprism... It doesn't have to be completely surrounded, you're saying. It only has to be partially surrounded. Correct. And you're saying that when the board said 30A through B, they were only talking about a certain... Of the 30A, at least. Not all of it. This is kind of difficult, right? It is. I appreciate your difficulty. I hope you appreciate ours. I completely share your frustration. They... Well, it shouldn't have happened. If you were going to ask for a revised board opinion, it should have been revised in a way that was comprehensible and consistent, rather than just adding the word not, which has caused all sorts of problems. I don't see how you can justify what was done. Maybe you're not trying to, but it put a burden on this court. It put an additional burden on the patent office. You need to be clear, particularly if you're asking for a remand. If you add the word not, it doesn't do it. I share your Honor's frustration with that. The board is an independent body. We are... We can make requests of the board for certain things, but we may not be given everything that we request, and certainly a major rewrite of the board's decision, I don't know that would have agreed to that sort of rewrite. Well, you should have then asked for a remand to have them consider the whole case again. I don't... I can tell you that the board would not have agreed to that. I share your frustration. They may not have a choice. Are there any further questions? I don't think so, thank you. You have two minutes. We'll be very brief. But just to get to the point that you ended with in your counsel, I mean, her response, which I accepted, at least the board concluded, that that was the substrate, right? I thought you were making the point that 26 was not a replicated substrate. We are not making... We did not make that argument in our brief. Okay, okay. What we are arguing... What is the difference between 30A, at least the embedded ones, or the ones that are within? The 30A. And by the way, we would say 30B is not embedded, as I'm sure you can imagine, but with respect to the 30As that are in that V-shaped groove on the left-hand side of Figure 2, we still assert that those are not within the replicated substrate. They are on the replicated substrate. So just within required entirely within? Is that the difference between... It certainly requires more than one of the three-dimensional surfaces being adjacent to. In has a concept of being in instead of on top of. Those are two different concepts, and those are the two different concepts we're really trying to sort of hit home here. A lot of our discussion today has focused on the anticipation of Nielsen, and that is the ultimate issue on appeal today. But a separate issue on appeal today is the claim construction and ensuring that the claim construction is clear so that should we happen to be in a patent infringement lawsuit on one of our other patents that includes this language embedded in, even potentially in the same family, we're not making these same arguments based on a board opinion that is, I think the word you used was somewhat schizophrenic. So we would ask that this board remand with a correct claim construction. We advocate that being the dictionary definition. And as we discussed today, that could either be fixed firmly in a surrounding mass, or the board interpreted that to mean fixed firmly by itself. Just so we don't end up here, even if we would agree with what you suggest, we won't end up here four years from now doing the same dance that we're doing this morning. Is it your view that in means surrounded entirely by, as opposed to surrounded partially by in a mass? It is at least my view that when you say surrounded entirely by, I think of something that is similar to what's shown in Figure 9, 58. So the 58 embedded portion, I mean that is substantially within, but there is a portion that goes above. And when you say entirely, it makes me a little nervous that I'm not saying that the entire 58 piece is wrapped within the replicated substrate, but I am saying more than one surface is adjacent to the replicated substrate. Did I hear you correct also to say that you don't challenge at 26 in Figure 2 of Nielsen that that's not replicated substrate? I do not challenge that in this appeal, no. So you agree that that is replicated substrate? I agree that's what the board rules, yes. And I did not challenge that in this appeal. Okay. Thank you, Ms. Nowak. Thank you. I thank both counsel in case you submitted. That concludes our session for today.